# Supreme Court of the Navajo Nation

---

### Danny and Virginia Halwood, Petitioners-Appellants,
### v.
### The Estate of Nowethalie Badonie, Respondent-Appellee.
### Decided July 1, 1998

---

## OPINION

Before TSO, Chief Justice, AUSTIN and BRADLEY (sitting by designation), Associate Justices.

Daniel Deschinny Sr., Esq., Window Rock, Arizona, for the Appellants; Lawrence Long, Esq., DNA-People's Legal Services, Inc., Window Rock, Arizona, for the Appellee.

Opinion delivered by Bradley, Associate Justice.

## I

This is a land dispute case in which the issues raised by the original complaint were fully decided on the merits by the Chinle District Court on October 6, 1981. *Bedoni v. Halwood*, CH-CV-112-81 (Chinle D. Ct. 1981) (*Bedoni*). The parties in *Bedoni* each alleged ownership of the land in dispute. The parties that litigated on the merits in that case were Nowethalie Badonie,[1] petitioner, and Danny and Virginia Halwood, respondents. The court determined in *Bedoni* that the land in dispute was Mr. Badonie's property, and, therefore, an order was entered voiding a land use permit that had been issued to the Halwoods by the Bureau of Indian Affairs (BIA) for the land in dispute. See Judgment of October 6, 1981, *Bedoni v. Halwood, id.*

The Halwoods appealed the October 6, 1981 judgment. The appeal was dismissed on September 27, 1983, because of the Halwoods' failure to attach a certified copy of the final judgment to their notice of appeal. *Halwood v. Bedonie*, A-CV-47-81 (1983). A subsequent petition for reconsideration of the dismissal of the appeal was denied on June 11, 1984. *Halwood v. Bedonie*, A-CV-24-82 (1984).

On or about October 1, 1985, the Halwoods filed in the Chinle District Court

---

1. Nowethalie Badonie's name is spelled differently in the prior cases, but they refer to the same person. Mr. Badonie died on March 8, 1982 "and a petition for probate was filed in December, 1985." *Estate of Nowethalie Badonie*, CH-CV-246-85 (Chinle D. Ct.).

a new action seeking to "modify" the judgment entered on October 6, 1981. *Halwood v. Estate of Nowethalie Badonie*, CH-CV-202-85 (Chinle D. Ct.). The Halwoods alleged that "changed circumstances" subsequent to the entry of the October 6, 1981 judgment warranted modification of the judgment under Rule 23, NRCP (1978 ed.).

The changed circumstances, according to the Halwoods, were that: (1) Mr. Badonie had not made use of the land since the October 6, 1981 judgment; (2) The Halwoods had made improvements to the land prior to the October 6, 1981 judgment; (3) Mr. Badonie had not sought enforcement of the October 6, 1981 judgment; (4) The BIA had not issued a permit to Mr. Badonie; (5) The BIA had not cancelled the Halwoods' land use permit as ordered on October 6, 1981; and (6) Mr. Badonie had lived all his life away from the disputed land. The Halwoods asked the court to modify the October 6, 1981 judgment by awarding them title to the land or otherwise declaring that their interest in the land was valid.

On February 24, 1986, the district court dismissed the petition for modification for lack of subject matter jurisdiction. The court found that the Halwoods had lost their remedy of appeal from the original judgment and, thus, were using the petition for modification to relitigate the land dispute issue for the purpose of reversing the October 6, 1981 judgment. The court ordered that res judicata barred the petition for modification. The Halwoods appealed to this Court on March 23, 1986 by raising the issue of whether the district court abused its discretion by dismissing their petition for modification based upon res judicata.

## II

As to a final judgment on the merits, the doctrine of res judicata prevents relitigation of identical claims, demands, and causes of action involving the same thing sued for between the same parties and their privies. *See* Black's Law Dictionary 1174 (5th ed. 1979). Navajo people in their traditional practices on dispute resolution are not strangers to the effect of res judicata. Traditionally, after everyone who had an interest in a controversy had their say and the controversy was finally decided, it was respected. In a landmark case this Court said:

> When all have been heard [on a dispute] and the decision is made, it is respected. This has been the Navajo way since before the time of the present judicial system. The Navajo people did not learn this principle from the white man. They have carried it with them through history.

*Halona v. MacDonald*, 1 Nav. R. 189, 205 (1978).

In modern practice before the Navajo courts, res judicata is necessary for judicial economy, to protect the interests of litigants from unfair prejudice, and to have disputes once decided stay decided. In fact, res judicata has been applied in prior cases decided by the Navajo courts. *See In the Matter of the Estate of Ray Lee*, 1 Nav. R. 27 (1971); *In the Matter of the Guardianship of Catherine Denise Chewiwi*, 1 Nav. R. 120 (1977). And the Navajo Rules of Civil Procedure rec-

ognizes res judicata as an affirmative defense. Rule 6, NRCP (1978 ed.). The Halwoods acknowledge the effect of the doctrine and that it has been applied by the Navajo courts .

## A

The Halwoods initially argue on appeal that res judicata does not apply to their case because their petition for modification used Rule 23, NRCP, in an attempt "to reopen the judgment" in *Bedoni v. Halwood*, CH-CV-112-81 (Chinle D. Ct. 1981). Brief for Appellants at 3. Rule 23 allows a court, after final judgment or order, to "reopen a case in order to correct errors or consider newly discovered evidence, or for any reason consistent with justice." Rule 23, NRCP (1978 ed.). A Rule 23 motion is used to "reopen a case," after the issue in the case has been finally decided. Rule 23 cannot be used to begin a new action. Rule 23 may permit reopening the case in *Bedoni* if the petition for modification is indeed a further proceeding in the same case.

To determine whether Rule 23 applies, we must decide whether the petition for modification is a further proceeding in *Bedoni* or whether it is a new action separate from *Bedoni*. If the petition is indeed a Rule 23 motion, then res judicata would be inapplicable and the Halwoods would be required to show that new evidence or justice requires reopening the judgment. *Navajo Engineering and Construction Authority v. Noble*, 5 Nav. R. 1 (1984) ; *Brown v. Brown*, 3 Nav. R. 239 (Window Rock D. Ct. 1982).

The Halwoods have argued on appeal that their petition for modification has alleged facts and a cause of action different from those in *Bedoni*. In all respects, the Halwoods desire that we view their petition as a new suit. In addition, the record shows that the petition for modification was filed as a new action against the estate of Nowethalie Badonie. Even the docket numbers in *Bedoni* and this case are different. We hold that the petition for modification is intended to start a new action, and as such, Rule 23, NRCP, is inapplicable.

## B

It is our determination that the petition for modification is a new action separate from *Bedoni v. Halwood*, CH-CV-112-81. The question then is whether res judicata bars the petition for modification. The Halwoods' position is that it does not. In support the Halwoods argue that the facts and the cause of action alleged in the petition are different from those in *Bedoni*. Furthermore, the Halwoods argue that the cause of action alleged in the petition arose after rendition of judgment in *Bedoni*. We disagree with the Halwoods for the following reasons.

An examination of the petition for modification shows that the Halwoods want the court to again decide the ownership of the land. This was precisely the claim presented in the first action where it was decided that Mr. Badonie owned the land. *Bedoni v. Halwood*, CH-CV-112-81. For example, at allegation 12 in

their petition the Halwoods state: "[E]quity states that they [Halwoods] should have rightfuly [sic] title to the use of the land...." And at 15 they state: "In avoidance of continuing dispute, the petitioners [Halwoods] are in a better position to have the use of the land...." The Halwoods then asked the court to declare their "interest in the land valid." Petition For Modification at 3. Without doubt, the petition for modification presents the same claim involving the same land as that in *Bedoni v. Halwood, id.* Even the parties in the two cases are the same.

The Halwoods contend that the cause of action in their petition arose after rendition of judgment in *Bedoni v. Halwood, id.* Like the district court, we are not persuaded that the Halwoods have presented a cause of action different from that in *Bedoni.* The two causes of action are identical with the court being asked to decide in both cases the ownership of the land.

Even the alleged facts in the petition for modification do not support a new cause of action against either Mr. Badonie or his estate. No injury to the Halwoods is apparent from Mr. Badonie's personal decision not to enforce the October 6, 1981 judgment; nor is there injury apparent to the Halwoods due to the BIA's failure to issue a land use permit to Mr. Badonie or to cancel the Halwoods' permit. Mr. Badonie's decision to make no use of the land certainly does not cause injury to the Halwoods who were found not to have an interest in the land. Mr. Badonie's residence off the land is a fact relevant only to the original suit. Finally, improvements made by the Halwoods to the land was a fact presented to the court in *Bedoni* so that fact is not proper to the petition.

For all these reasons, we hold that the petition for modification is merely an attempt to relitigate the same claims involving the same land between the same parties as in *Bedoni v. Halwood,* CH-CV-112-81; thus, res judicata bars the petition for modification. The district court did not abuse its discretion by dismissing the petition for modification.

The judgment of the district court is affirmed.